IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE ROSE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEVERLY HEALTH AND ) <br> REHABILITATION SERVICES, INC. ) <br> dba BEVERLY MANOR and BEVERLY ) <br> MANOR CONVALESCENT HOSPITAL,) <br> SHAWN McCULAH, DIXIE TRISTAN, ) <br> and DOES 1 to 20, inclusive, ) <br> ) <br> Defendants. ) <br> _____ ) | CV F 06-0067  AWI DLB <br><br> ORDER ON PLAINTIFF'S <br> MOTION FOR <br> RECONSIDERATION OF <br> MAGISTRATE JUDGE'S <br> DECISION DENYING <br> MOTION FOR REMAND |

This is an action for damages by plaintiff Charlotte Rose ("Plaintiff") against defendant Beverly Health and Rehabilitation Services, Inc. dba Beverly Manor Convalescent Hospital ("Beverly"), and against individual defendants Shawn McCulah, and Dixie Tristan, and DOES 1-20 (collectively, "Defendants"). Plaintiff's complaint alleges a total of six claims for relief stemming from what Plaintiff alleges was constructive discharge from Beverly's employment without just cause. The six claims for relief are alleged under California state law. The case, which was originally filed in Fresno County Superior Court, was removed to this court on January 19, 2006, based on the preemption of Plaintiff's state law claims by Section 301 of the federal Labor-Management Relations Act ("LMRA").

The parties vigorously dispute whether Plaintiff was covered under a collective bargaining agreement ("CBA") at the time she was constructively terminated from employment with Beverly. Plaintiff moved for remand on February 9, 2006, contending that Plaintiff was not covered under a CBA and that her state law claims were therefore not preempted. On July 22, 2006, the magistrate judge denied Plaintiff's motion to remand (the "July 22 Order"). The instant motion for reconsideration of the July 22 Order was filed on August 9, 2006. On August 23, 2006, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. The court, having determined that the two motions should be addressed in separate opinions, addresses Plaintiff's motion for reconsideration of the July 22 Order first.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The July 22 Order summarizes the background facts of this case as set forth in Plaintiff's complaint as follows:

> According to the complaint, Plaintiff was employed as a Central Supply Clerk at the Beverly Manor Convalescent Hospital from June 9, 1981, to January 27, 2005. Shawn McCollough[1] was the Maintenance Supervisor and Dixie Tristan was a supervisor of Health Care Services during Plaintiff's employment. Sometime between 2003 and 2005, Plaintiff was diagnosed with cardiomyopathy, which developed into congestive heart failure. Her doctors limited [Plaintiff] to lifting no more than 30 pounds. Plaintiff contends that Defendants refused to accommodate her disability and subjected her to retaliation and harassment as a result of her requests for accommodations. For example, when Plaintiff asked for assistance, defendant McCullough referred to [Plaintiff] several times as "the bitch that always needs help." Defendant Tristan slammed Plaintiff's arm in a door and called her a "fucking bitch." Plaintiff alleges she was constructively terminated on January 27, 2005.

The complaint alleges six claims for relief. The first claim for relief alleges discrimination based on disability in violation of California Government Code, section 12940(a) against Beverly only. The second and third claims for relief allege unlawful

---

[1] The magistrate judge's order of July 22, 2006, as well as Defendants' pleadings spell defendant's name "McCollough." The complaint, as well as Plaintiff's pleadings spell the name "McCulah." The court will adopt the spelling "McCollough" for the sake of consistency of court documents and apologizes for any misspelling.

2

retaliation in violation of Government Code, section 12940(f), and harassment and retaliation in violation of Government Code, section 12940, respectively, against Beverly, Tristan and McCullough. The fourth, fifth, and sixth claims for relief allege common law claims for breach of employment contract, breach of covenant of good faith and fair dealing and wrongful termination in violation of public policy, respectively, against Beverly only.

The magistrate judge's July 22 Order addressed two contentions raised by Plaintiff in support of her motion for remand. First, the magistrate court addressed Plaintiff's contention that federal subject matter jurisdiction is lacking because Plaintiff was not covered under a CBA at the time of her termination. Second, the July 22 order addresses Plaintiff's contention that Defendants' notice of removal was untimely under 28 U.S.C., section 1446(b), which provides that notice of removal must be filed within 30 days of receipt of the initial pleading. The July 22 Order reflects the magistrate judge's determination that Plaintiff's employment at the time of her constructive termination was covered by a CBA, and that Defendants' notice of removal was timely.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). As such, the court may

only set aside those portions of the Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non- dispositive pretrial matters that are reviewed for clear error under Rule 72(a)).

## DISCUSSION

Plaintiff's motion for reconsideration is essentially a re-argument of her two previously-argued contentions; that subject matter jurisdiction is lacking because Plaintiff's constructive termination was not covered by the CBA, and that Defendants' notice of removal was untimely. Because no intervening law is cited and because the facts presented appear to be no different than those in consideration before the magistrate court, this court reviews the magistrate judge's denial of Plaintiff's motion for remand for clear error.

**I. Subject Matter Jurisdiction**

The July 22 Order concisely stated the state of the law with respect to the ability of defendant to remove preempted state law claims:

> State law claims alleging a breach of a CBA are completely pre-empted by Section 301 of the LMRA. 29 U.S.C., § 185(a); Allis-Chalmers Corp. v. Lueck, 471 U.S. 20(1985). Once "an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir. 1991) (citation omitted). A plaintiff cannot avoid removal by "artfully pleading" only state law claims that are actually preempted by federal statutes such as section 301. Id.; see also Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993 997 (9th Cir. 1987). Thus, if a state law claim is completely preempted by a federal statute, the state law cause of action necessarily becomes a federal one and can be removed. Milne, 960 F.2d at 1406.

A claim for relief must be construed as a claim for breach of a CBA, – and therefore preempted by section 301 of the LMRA –  if the claim, properly pled, alleges breach of the CBA, or if the resolution of the state law claim "is substantially dependent upon analysis of the terms" of the CBA. Bale v. General Telephone Co. of California, 795 F.2d 775, 779 (9th Cir. 1986). A claim for breach of a CBA is necessarily predicated on the existence of a CBA

that is applicable to Plaintiff, and whose terms govern Defendants' duty with respect to alleged actions that caused harm to Plaintiff. Defendants' notice of removal in this case is based on their contention that Plaintiff's complaint, properly pled, alleges breach of the CBA in Plaintiff's fourth claim for relief for "Breach of Employment Contract – Wrongful Termination." The threshold issue is therefore whether Plaintiff was covered by a CBA at the time of her termination. In this regard, Plaintiff makes two arguments. In her memorandum of points and authorities in support of her motion for reconsideration, Plaintiff argues she was not covered by the CBA because she was not a member of the union. Plaintiff also contends she was not covered by the CBA because she was a clerical person specifically excluded from coverage by the terms of the CBA. The court considers these contentions in order.

The July 22 Order addressed Plaintiff's contention that she was not covered by the CBA because she was not a union member, had not paid union dues, and had not been contacted by the union to pay a fee in lieu of dues. To support her motion for reconsideration, Plaintiff attempts to distinguish the case of Steele v. Louisville & N.R. Co., 323 U.S. 192 (1944) that was cited by the July 22 Order to support the proposition that "[t]he labor organization chosen to be the representative of the craft or class of employees is thus chosen to represent all of its members, regardless of their union affiliations or want of them." Id. At 200.

As Plaintiff points out, the preempting statute involved in Steele was the Railway Labor Act, not the LMRA. However, Plaintiff's attempt to distinguish Steele from the present case is not persuasive. The sentence in Steele that follows the sentence quoted above states: "As we have pointed out with respect to the *like provisions of the National Labor Relations Act*, 29 U.S.C.A. § 151 et seq., in J.I. Case Co. v. Nat'l Labor Relations Board, [321 U.S. 332, 338 (1944)], 'The very purpose of providing by statute for the collective agreement is to supercede the terms of separate agreements of employees with terms which

5

reflect the strength and bargaining power and serve the welfare of the group. Its benefits and advantages are open to every employee of the represented unit.'" Steele, 323 U.S. 200-201 (italics added). Thus, the proposition that an employee of an organization is both bound and benefitted by the terms of a CBA regardless of the employee's status as a union member is supported broadly by authority of the National Labor Relations Act, not narrowly by Railway Labor Act. See also Melanson v. United Air Lines, Inc., 931 F.2d 558, 561 n.1 (9th Cir. 1991) (rejecting plaintiff's argument her claim is not preempted because union did not represent her at the time the CBA was negotiated).

Since Plaintiff provides no argument that her employment does not fall under the provisions of the National Labor Relations Act, the court concludes that, with respect to Plaintiff's argument that she is not subject to the CBA because she is not a member of a union, Plaintiff has failed to establish that the magistrate judge was clearly erroneous in ruling that Plaintiff was subject to the terms of the CBA regardless of her status as a union member.

Plaintiff contends that she was not an employee who was covered by the CBA. Plaintiff contends her employment classification – central supply clerk – is not covered under the terms of the CBA. The CBA specifically excludes "registered nurses, licensed vocational nurses, office and clerical employees, professional employees, confidential employees and supervisors as defined in the National Labor Relations Act" from the collective bargaining unit. The CBA apparently does not include a list of those employees who are specifically included by its terms.

Plaintiff points to "Appendix B" of the CBA which is a wage scale for certain specific job categories. The job categories listed are CNA, Cook, Housekeeping, Laundry, and Dietary. There is nothing in Appendix B that suggests that the wage table presented there is inclusive of all job descriptions that are included within the bargaining unit covered by the CBA. While the description "central supply clerk" is not specifically included in the list,

neither is it necessarily excluded by the list of included job categories. Plaintiff has also argues, both in her initial pleading and more forcefully in the her reply memorandum, that her designation as "clerk" necessarily means she is a "clerical" worker who is excluded by the express terms of the CBA. Plaintiff provides no other basis for a finding that Plaintiff was among a class of employees that was excluded from coverage of the CBA.

The court finds Plaintiff's contentions relating to her job title as a central supply "clerk" are not compellingly indicative of the alleged fact that Plaintiff was a clerical employee excluded by the terms of the CBA. At best, the term "clerk" is ambiguous and not necessarily indicative of the employee's inclusion or exclusion in a particular bargaining unit. It cannot be determined from the information before the court what specific employees are "clerical" for purposes of exclusion from the CBA. In the absence of more complete information, the court finds that the fact that Plaintiff's name was among the names submitted in lists of bargaining unit to the National Labor Relations Board on two occasions is sufficient to support Defendants' contention that Plaintiff was covered by the terms of the CBA.

Defendant presumably realizes that the motion now before the court is a motion for reconsideration and, as such, it places on the moving party the burden of providing a factual support for her contentions. In short, if Plaintiff contends she was not a person covered by the terms of the CBA, the court must presume Plaintiff would have availed herself of the opportunity to discover information supportive of that contention and would have presented such information to the court in support of the instant motion. Such evidence is not forthcoming and the court may not reverse the magistrate judge's conclusion by accepting without further proof Plaintiff's speculation that the term "clerk" means "clerical" within the list of excluded job categories in the CBA.

The magistrate judge noted that Plaintiff's name appeared on the list of employees in the bargaining unit who were entitled to participate in the card check certification vote. In

addition, Plaintiff's name appeared on a list provided to the NLRB of employees who were entitled to cast votes in the decertification election. The magistrate judge also considered Plaintiff's arguments that, according to the terms of the CBA, she was required to pay a fee in lieu of membership dues to the union as a condition of employment, that she had not paid the fees and that she had not been terminated. The magistrate noted that this fact was adequately explained by the fact that the Union had not obtained or attempted to obtain Plaintiff's authorization for the withholding of fees during the relatively short period of time that such a request could have been made.

The court finds the facts alleged by Plaintiff are not sufficient to show the magistrate judges determination that Plaintiff is among the workers covered by the CBA was clearly erroneous. The court finds the factual basis of Plaintiff's contention that she was not an employee included within the CBA is little more than a collection of ambiguities that invites the court's speculation but provides no solid proof that Plaintiff did not belong to the bargaining unit covered by the CBA. While Plaintiff contends too much credence is placed on the appearance of Plaintiff's name on the NLRB lists of employees included in the bargaining unit, Plaintiff provides no substantial countervailing facts upon which the court could base a finding that the magistrate judge was clearly erroneous in determining that Plaintiff was an employee covered by the CBA.

Next, Plaintiff argues that, even if she were a member of the union or otherwise covered by the CBA, Plaintiff's cause of action for breach of the employment contract is not preempted because the alleged cause of action does not depend on an interpretation of the CBA. While any claim that alleges breach of the CBA, or "is substantially dependent upon analysis of the terms" of the CBA for its resolution is completely preempted, Bale, 795 F.2d at 779, individual employment contracts are not automatically subsumed into CBA and may therefore not be preempted. Caterpillar, Inc. v. Williams, 482 U.S. 386, 394-395 (1987). In J.I. Case Co. v. Nat'l Labor Relations Board, 321 U.S. 332 (1944) ("Case"), the Court

conceived the CBA as the agreement that defines the rights of employees in the bargaining unit leaving little to be bargained out in the individual employment agreement. Id. at 335. The decision in Case recognizes that individual employment agreements are necessary to apply the terms of the CBA to the individual employees. Id. at 335-336. The Court held "the individual hiring contract is subsidiary to the terms of the [CBA], and may not waive any of its benefits. . . ." Id. at 336.

The Supreme Court in Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985), recognized that the preemptive force of the LMRA does not "displace all state law governing labor-management relationships." Id. at 219. The LMRA does not preempt "state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Id. The test for determination of what is, or is not, independent of a labor contract was set forth in Lingle v. Norge Div. Of Magix Chef, Inc, 486 U.S. 399, 409 (1988) as follows: "as long as the state -law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for [LMRA] preemption purposes." The Lingle Court's further discussion of the issue of non-preemption of state law claims that are not dependant on interpretation of the agreement makes it clear that the term "interpretation" as used therein is not to be interpreted in a technical, restricted way. The Lingle Court quoted with approval its prior holding in Caterpillar, 482 U.S. at 394-395 which held that "[s]ection 301 governs claims founded directly on rights *created by* collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.' [Citation.]" Lingle, 486 U.S. at 410 n.10 (italics added). Thus, the act of "interpreting the agreement" for purposes of determining preemption incorporates reference to the agreement to find the right whose breach forms the basis of the claim for relief.

The focus of the parties with regard to Plaintiff's contention that removal jurisdiction is lacking and that remand is warranted is Plaintiff's fourth claim for relief for breach of employment contract and wrongful termination. That claim alleges, in pertinent part:

> In consideration for plaintiff's service and loyalty, defendant agreed to compensate plaintiff accordingly and to deal fairly with her in her employment by not terminating her except upon justifiable cause. Defendants recognized its obligation to deal fairly with the Plaintiff and not terminate her except upon just cause in its oral, written and implied personnel policies and procedures which were applicable to Plaintiff on the date of Plaintiff's constructive termination. The express implied terms to not be terminated except for good cause, further arose from Plaintiff's longevity of service, her promotions and praise for her work by defendants, her pay raises and awards, and defendants' express personnel practices and policies indicating its obligation to deal fairly and in good faith with Plaintiff and to not terminate her upon any reason other than for good cause.

The CBA, on the other hand, provides the following language covering "Discharge Discipline or Suspension" at Section XII:

> The Employer shall have the right to maintain discipline and efficiency of its operations, including the right to discharge suspend or discipline an employee for just cause. Grounds for discipline or discharge, including immediate discharge are set forth in the Employer's Policies.

It is well established under California law that "Labor Code section 2922 establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination. This presumption may, however, be overcome by evidence that despite the absence of a specified term, the parties agreed that the employer's power to terminate would be limited in some way, e.g., by a requirement that termination be based only on 'good cause.' [Citation.]" Foley v. Interactive Data Corp., 47 Cal.3d 654, 677 (1988). Here, the CBA modifies the presumption of at-will employment by providing that the Employer has the right to dismiss an employee for "just case."

Notwithstanding the obvious ambiguity in the wording of the CBA, the fact remains that resolution of Plaintiff's claim for breach of employment agreement and wrongful termination will inevitably require interpretation of the CBA. This court need not resolve at this point the issue of whether the CBA's provision that an employee may be dismissed for just cause under the CBA necessarily means an employee may not be dismissed for other than just cause. Also, it is not necessary at this point that the court make a determination that the

CBA necessarily supercedes all other oral or implied agreements that may have been in effect prior to the effective date of the CBA. The relevant point is that, in order to resolve Plaintiff's fourth claim for relief, interpretation of the CBA will be necessary.

Plaintiff's fourth claim for relief is an attempt to plead around the CBA by asserting, without any specification, the existence of another, or separate, agreement that exists between Plaintiff and Defendants based on oral promises, behavior of the parties, and undefined number of unspecified writings other than the CBA. Plaintiff's fourth claim for relief represents precisely what is meant by the "artful pleading" of a state law claim that is actually completely preempted by section 301 of the LMRA. Milne, 960 F.2d at 1408.

"In enacting section 301 of the Labor Management Relations Act of 1947, Congress intended to ensure what collective bargaining agreements are interpreted uniformly." Id. at 1407-1408. Were the court to accept Plaintiff's claim as arising from an entirely separate agreement between Plaintiff and Defendants, every plaintiff seeking to defeat federal jurisdiction could do so by simply invoking some alternative source of the right which is alleged to have been violated that could conceivable be found external to the CBA. This would effectively frustrate the public policy goal of uniform interpretation of Collective Bargaining Agreements because any plaintiff seeking to avoid interpretation of her rights under federal law would be able to avoid that interpretation by simply alleging some alternative source of the right that is alleged to have been violated if that right is found in the CBA.

The court concludes that the terms of the CBA in this case include terms that give rise to Plaintiff's right to not be terminated except for just cause. Because the right that Plaintiff alleges was violated in his fourth claim for relief is found in the CBA, and because the dimensions of that right can only be determined by reference to, and interpretation of, the terms of the CBA, Plaintiff's fourth claim for relief is completely preempted by section 301 of the LMRA.

**II. Timeliness of Removal**

In her reply brief, Plaintiff reiterates the argument previously presented to the magistrate judge that remand should be granted because Defendants failed to file notice of removal within the 30-day time period provided by 28 U.S.C., section 1446(b). Although the issue of timeliness of filing the notice of removal was given full consideration by the magistrate judge, Plaintiff raises the issue here for the first time in her reply brief. It is well established in this circuit that courts typically do not consider arguments raised for the first time in a reply brief, as doing so may unfairly deprive defendant of its opportunity to make a meaningful response. Pacific Coast Federation of Fishermen's Ass'n v. U.S. Bureau of Reclamation, 138 F Supp 2d 1228, 1248 n17 (ND Cal 2001); see Sophanthavong v. Palmateer, 365 F.3d 726, 737 (9th Cir.2004) (declining to reach argument that appellant failed to raise in the opening brief and raised for the first time in the reply brief).

The court finds Plaintiff has waived any argument as to the timeliness of filing of Defendants' notice of removal. Plaintiff suffers no prejudice from the court's finding that her argument on timeliness of removal is waived. The court has examined the magistrate judge's decision regarding the issue of timeliness and has reviewed Plaintiff's argument and finds Plaintiff has failed to show that the magistrate judge's decision was clearly erroneous or contrary to law. Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005) clearly establishes that the 30-day time limit for purposes of the removal statute is triggered either by (1) "defendant's receipt of an 'initial pleading' that reveals a basis for removal; or (2) the subsequent receipt by defendant of "'an amended pleading, motion, or other paper' from which it can be ascertained from the face of the document that removal is proper." Id.

Plaintiff's contention that the e-mail from Defendants' attorney to plaintiff's attorney on December 7, 2005, indicates Defendants had "ascertained" the knowledge of facts warranting removal before that date is unavailing. The magistrate judge's order clearly indicates the current state of law in this jurisdiction holds that the triggering date for the

12

running date of the 30-day time limit does not begin running until an official papers from the opposing party that provides sufficient information to support removal. The magistrate judges discussion at page 6 of the Order Denying Plaintiff's Motion to Remand establishes that in this circuit the first ascertainment of facts supporting removal must be evinced by a formal writing or notice served by the plaintiff on the defendants. Plaintiff's argument to the contrary is not sufficient to call the legal validity or the factual basis of the magistrate judge's determination into question.

### III. Well-Pled Complaint

Plaintiff contends the court lacks subject matter jurisdiction over this action because no federal question is evident on the face of Plaintiff's complaint. As Plaintiff correctly points out, federal subject matter jurisdiction exists only when "a federal question is present on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff's argument fails because Plaintiff's complaint, as previously discussed, is not well pled with respect to the fourth claim for relief; it is artfully pled to present the appearance of a claim for breach of implied contract where, in fact, it is a claim for breach of a right that arises under the Collective Bargaining Agreement. Because Plaintiff's fourth claim for relief was not well pled, she may not claim federal jurisdiction is lacking on the basis of the "well-pled complaint" rule.

The court has reviewed and discussed Plaintiff's arguments for reconsideration of the magistrate judge's order denying Plaintiff's motion for remand. The court concludes that Plaintiff has failed to carry her burden to demonstrate that the magistrate judge's order is, in any way, clearly erroneous or contrary to law.

THEREFORE, pursuant to the foregoing discussion, it is hereby ordered that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   December 7, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                   UNITED STATES DISTRICT JUDGE

13